## Nokomis National Bank, Appellee, v. John H. Elmers et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

### Statement of the Case.

Intervening petition in partition suit filed by Nokomis National Bank, petitioner, against John H. Elmers *et al.*, respondents, to have transfers by the defendants Benjamin Elmers and Joseph Elmers of their interests in the property involved in the suit set aside, and their distributive shares applied to the payment of debts owing by them to the petitioner. From a decree for the petitioner, defendants appeal.

JOHN E. HOGAN and E. E. DOWELL, for appellants.

L. G. GRUNDY and GEORGE T. WALLACE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Nokomis National Bank v. Elmers, 201 Ill. App. 242.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1751*—*when judgment affirmed.* Unless the party bringing a cause up for review shall not only present a record containing all that is necessary for the court to know in order to intelligently pass upon the questions presented, but shall also file an abstract or abridgment of that record from which the errors complained of can be discovered, the judgment of the lower court will be affirmed *pro forma.*

2. APPEAL AND ERROR, § 864*—*when court will not inspect record.* Courts of review will never go to the record to discover errors not shown by the abstract, but will inspect it to find reasons to affirm.

3. APPEAL AND ERROR, § 1395*—*when findings of chancellor not disturbed.* Findings of fact of a chancellor should not be set aside as against the weight of the evidence, unless they are clearly and palpably so.

4. FRAUDULENT CONVEYANCES, § 264*—*when evidence sufficient to show that conveyances are fraudulent against creditors.* On an intervening petition by a creditor of distributees in a partition suit, asking that transfers by certain of the distributees of their interests in the property be set aside and the money paid the petitioner in satisfaction of a claim against them, evidence *held* sufficient to support a finding that such transfers were fraudulent as against the petitioner and a decree ordering payment of its claim out of the distributive shares of the distributees.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.